UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 19-1259 FMO (SSx) | Date | March 12, 2019 |
|---|---|---|---|
| Title | Brianna Rivera v. Simple Habit, Inc. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 1, Complaint at ¶ 4). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

"The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). Having reviewed the Complaint, the court questions whether plaintiff, as the party invoking federal jurisdiction, has met this burden. The Complaint alleges only state claims, (see Dkt. 1, Complaint at ¶¶ 1-2), and it is unclear whether minimal diversity exists between the parties. (See id. at ¶ 1 ("Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in California who . . . purchased subscriptions for products . . . from Simple Habit, Inc."); id. at ¶ 6 ("Plaintiff is a resident of this District[.]"); id. at ¶ 8 ("Defendant . . . is a Delaware corporation with its principal place of business located in San Francisco, California.")).

The court also questions whether the claims of the individual class members exceed $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when . . . the court questions, the . . . allegation."). Plaintiff's single conclusory allegation that the amount in controversy exceeds $5 million, (see Dkt. 1, Complaint at ¶ 4), is insufficient.

Based on the foregoing, IT IS ORDERED that no later than **March 20, 2019,** plaintiff shall file a First Amended Complaint addressing the deficiencies noted above. Failure to file a First Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1259 FMO (SSx) | Date | March 12, 2019 |
|---|---|---|---|
| Title | Brianna Rivera v. Simple Habit, Inc. | | |

(1962); Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |